# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number:  4:20-CR-021-Y(1) |
|  | Alex Lewis, assistant U.S. attorney |
| CHESTER DEVIN LEBAN | Leigh W. Davis, attorney for the defendant |

On January 29, 2020, the defendant, Chester Devin Leban, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) & 2 | Sexual Exploitation of Children | November 15, 2017 | 1 |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The Court concludes that the defendant is indigent and the $5,000.00 assessment required pursuant to 18 U.S.C. § 3014 is waived.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 6, 2020.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed October 7, 2020.

Case 4:20-cr-00021-Y   Document 72   Filed 10/07/20   Page 2 of 3   PageID 208
Judgment in a Criminal Case
Defendant: Chester Devin Leban
Case Number:  4:20-CR-021-Y(1)                                                                          Judgment -- Page **2** of **3**

# IMPRISONMENT

The defendant, Chester Devin Leban, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 360 months on count one of the one-count information.  This sentence shall run concurrently with any future sentences that may be imposed in case nos. 1560353 and 1574918 in Criminal District Court No. 1, Tarrant County, Texas.

The defendant is remanded to the custody of the United States marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Life on count one of the one-count information.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004;

report in person to the U.S. Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense;

participate in sex-offender treatment services as directed by the probation officer until successfully discharged, which services may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer;

neither possess nor have under his control any pornographic matter or any matter that sexually depicts minors under the age of 18 including, but not limited to, matter obtained through access to any computer and any matter linked to computer access or use;

have no contact with the victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance by the probation officer and not enter onto the

Case 4:20-cr-00021-Y   Document 72   Filed 10/07/20   Page 3 of 3   PageID 209

Judgment in a Criminal Case
Defendant: Chester Devin Leban
Case Number:  4:20-CR-021-Y(1)                                                                 Judgment -- Page **3** of **3**

premises, travel past, or loiter near the victims' residences, places of employment, or other places frequented by the victims;

have no contact with minors under the age of 18, including by correspondence, telephone, internet, electronic communication, or communication through third parties, with the exception of the defendant's own children. The defendant's contact with his children will be limited to occasions when the probation officer is informed in advance of the defendant's intent to have that contact and the probation officer approves it. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks or other places where children may frequently congregate, except as may be allowed upon advance approval by the probation officer;

participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision;

submit to periodic, unannounced examinations of his/her computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider;

not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States marshal

BY _____
deputy marshal